

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00139-CR

CALVIN MARCELLUS ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 52,879-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Calvin Marcellus Anderson pled guilty to murdering Lasheika Kenney, without the benefit of a plea bargain. *See* TEX. PENAL CODE ANN. § 19.02 (Supp.). Anderson assisted the State in its prosecution of his co-defendant, Kendall Johnson, and returned to the trial court for sentencing.[1] The trial court sentenced Anderson to sixty years' imprisonment for his role in Kenney's murder. Anderson appeals.

Anderson's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On November 10, 2023, counsel mailed to Anderson copies of the brief, the appellate record, and the motion to withdraw. Anderson was informed of his rights to review the record and file a pro se response. By letter dated November 13, this Court informed Anderson that any pro se response was due on or before December 13. On December 27, this Court further informed Anderson that the case would be set for submission on the briefs on January 17, 2024.

---

[1]In cause number 06-23-00081-CR, we addressed Johnson's appeal from his conviction of murder.

We received neither a pro se response from Anderson nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the judgment, and "appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

The trial court's judgment checks a box indicating there is a plea bargain and recites that the "Terms of Plea Bargain are attached and incorporated herein by this reference." Because Anderson entered an open plea of guilt, the record shows there was no plea bargain in this case. As a result, we modify the trial court's judgment by unchecking the "Terms of Plea Bargain" box. We also delete the phrase "Terms of Plea Bargain are attached and incorporated herein by this reference" and replace it with the phrase "Open Plea, No Plea Bargain."

As modified, we affirm the trial court's judgment.[2]

Charles van Cleef
Justice

Date Submitted:     January 17, 2024
Date Decided:     February 6, 2024

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.